IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINE JOBE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-588-K-BN |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, and | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, it/their successors | § | |
| and/or assigns | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ed Kinkeade.

Defendant JPMorgan Chase Bank, National Association has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 10. Plaintiff Christine Jobe filed a response, *see* Dkt. No. 17, and Chase filed a reply, *see* Dkt. No. 18.

For the reasons and to the extent stated below, the Court should grant Chase's Motion to Dismiss [Dkt. No. 10] but grant Jobe leave to amend her claims against Chase, if she so chooses.

## Background

On June 21, 2012, Plaintiff Christine Jobe's mother, Helene Lyda Sheppard, purchased a home located at 214 Bluebonnet Trail, Keene, Texas 76059 (the "Property"). *See* Dkt. No. 1-1, Ex. A-2 ("Pet.") ¶ 10. To finance the purchase, Ms. Sheppard executed a Promissory Note to Cendera Funding Inc., and she secured the Note through a Deed of Trust, which was filed in the official public records of Johnson County, Texas. *See* Pet. Ex. A (the Note); Pet. Ex. C (the Deed of Trust).

On July 9, 2014, Cendera Funding, through a nominee, assigned the Note and the Deed of Trust to Chase. The Corporate Assignment of Deed of Trust was filed in the public records of Johnson County, Texas. *See* Pet. ¶ 12.

In 2017, Ms. Sheppard died, and the Property passed to Jobe through her mother's last will and testament. Jobe acquired title to the Property on September 1, 2017. *Id.* ¶ 9. Jobe then began making monthly payments on the property on behalf of her mother's estate. *Id.* ¶ 13. Jobe alleges that, on November 24, 2019, a Chase employee informed her that Chase would no longer accept her payments because she was months behind. *Id.* ¶ 15.

In February 2020, Jobe received notices from Chase's foreclosure counsel, McCarthy Holthus, LLP, that the Note had been accelerated and that the Property was noticed for foreclosure sale on March 3, 2020. *Id.* ¶ 18. She also learned that Defendant Carrington Mortgage Services, Inc. was servicing the loan. *Id.*

On February 27, 2020, Jobe filed her Original Petition in the state district court of Johnson County, Texas. *See generally id.* On March 9, 2020, Carrington removed the action to this Court based on diversity jurisdiction. *See* Dkt. No. 1.

In her Petition, Jobe brings claims for breach of contract, violations of the Texas Debt Collection Act ("TDCA"), and injunctive relief. *See* Pet. ¶¶ 21-30. Jobe alleges Chase failed to provide a notice of default as required under the Deed of Trust and unlawfully threatened to foreclose. *See id.*

Chase now moves to dismiss all causes of action against it for failure to state a claim. *See* Dkt. No. 10 In response, Jobe does not specifically address any of Chase's arguments or the merits of her claims; she instead contends the Court should deny the motion as moot because she plans to file a motion for leave to file an amended pleading. *See* Dkt. No. 17 at 1-4.

For the reasons explained below, the undersigned concludes that Jobe's claims for breach of contract, violation of the TDCA, and injunctive relief should be dismissed.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief

above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint

does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 574 U.S. at 12), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central

to the plaintiff's claim.*" Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

**I. Jobe's breach of contract claim should be dismissed for failure to plead damages adequate to state a claim.**

Jobe alleges Chase breached the Deed of Trust by failing to provide a notice of default and an opportunity to cure the default before accelerating the loan and noticing a foreclosure sale. *See* Pet. ¶¶ 24-26.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Chase contends Jobe's breach of contract claim should be dismissed because she does not adequately plead performance, breach, or damages. *See* Dkt. No. 10 at 3-4. Although Jobe's allegations concerning breach and performance are sufficient to survive a motion to dismiss, Jobe fails to state a claim for breach of contract because her allegations of damages are insufficient.

Turning first to performance, Chase's argument that Jobe did not adequately plead performance lacks merit. Chase contends that, because the loan was in default, Jobe cannot show she performed her obligation under the Deed of Trust to pay amounts due. Dkt. No. 10 at 4. Although Jobe admits the loan was in default, *see* Pet. ¶¶ 14-15, a lender's obligations in the event of default is independent of a borrower's obligation to make monthly payments, *see Williams v. Wells Fargo Bank, N.A.*, 884

F.3d 239, 245 (5th Cir. 2018) (reasoning that, "[i]f performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning"). Jobe's default alone cannot excuse Chase's failure to perform its obligation to send a notice of default, and Jobe's breach of contract claim is not precluded on this ground.

And, on the current record, Jobe's allegations regarding Chase's breach of the Deed of Trust are sufficient. Under paragraph 22 of the Deed of Trust, Chase is required to give notice that the loan is in default, state what actions are required to cure the default, and give at least 30 days to cure before accelerating the loan. *See* Pet. Ex. C at 39. Jobe alleges that she has never "been provided with any Notice of Default and Opportunity to Cure notice as expressly required under paragraph 22 of the Deed of Trust and [Texas Property Code Sections] 51.002 *et seq*." Pet. ¶ 20.

Chase argues that Jobe fails to allege it breached the Deed of Trust because it did, in fact, send a notice of default. *See* Dkt. No. 10 at 4. Chase attaches to its Motion to Dismiss a notice of default that it purportedly sent to Jobe on July 30, 2019. *See* Dkt. No. 11 Ex. A-1. In support of that assertion, Chase attaches USPS tracking information, which Chase contends is proof the notice was delivered to Jobe's residence on August 9, 2019. *See id.* Ex. B-1.

Before resolving this issue, the Court must determine whether it can consider Chase's attached documents. When considering a motion to dismiss, the Court "must limit itself to the contents of the pleadings," as well as any documents attached to the

complaint. *Collins*, 224 F.3d at 498. There is an exception to this general rule: the Court may consider documents attached to a motion to dismiss – without converting the motion into one for summary judgement – when the documents are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

Chase contends that the Court may consider the notice of default attached to its Motion because "it is expressly referenced in the Complaint and central to Plaintiff's claims relating to it." Dkt. No. 10 at 2 n.5. But a review of Jobe's Petition shows otherwise. The only references in the Petition to any notice of default discuss the Deed of Trust's requirement to send a notice and Chase's failure to provide any such notice. Nowhere does Jobe mention that any notice of default was actually or allegedly sent by Chase. Because the document is not referred to in the Petition, it is not properly incorporated by reference.

And the notice of default attached to Chase's Motion is not central to Jobe's breach of contract claim. For a document to be "central" to a claim, it must be "necessary to establish an element of one of the plaintiff's claims." *Kaye*, 453 B.R. at 662. If, however, the document referenced "is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* at 662. Here, Chase's notice is certainly evidence of whether it breached the Deed of Trust, but it is not "necessary" for Jobe to prove her claim. Jobe disputes that Chase ever provided the notice, and she could prove breach even if the notice was sent by showing

that it was otherwise deficient. The Court cannot consider the notice of default for purposes of this motion.

Without the notice attached to Chase's Motion, the Court is left only with the allegations in Jobe's Petition. Viewing these allegations as true and in the light most favorable to her – as the Court must at this stage of the litigation, *see In re Katrina*, 495 F.3d at 205-06 – Jobe plausibly alleges Chase breached its obligation under the Deed of Trust.

Finally, the undersigned concludes Jobe has not adequately pled damages. Damages are an essential element to a breach of contract claim that the plaintiff has the burden to prove. *See Sport Supply*, 335 F.3d at 453. Here, Jobe's only allegation regarding damages is that Chase's alleged breach caused "actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this court." Pet. ¶ 26. There are no allegations specifying the amount of damages or that a foreclosure sale has occurred. *See generally id.* At most, the Court can infer only that there is a threat of foreclosure. But potential foreclosure is an insufficient basis for compensatory damages. *See Marquez v. Fed. Nat'l Mortgage Ass'n*, No. 3:10-cv-2040-L, 2011 WL 3714623, at *6 (N.D. Tex. Aug. 23, 2011) (citing *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. 1998)) (holding that, "where a mortgagor's possession is undisturbed, he has suffered no compensable damage"). Thus, Jobe's Petition lacks sufficient facts to show she suffered damages because of Chase's alleged breach of the Deed of Trust.

Because Jobe fails to allege adequate damages, Jobe's breach of contract claim against Chase should be dismissed.

## II. Jobe fails to allege a plausible violation of the TDCA.

Jobe alleges Chase violated four Sections of the TDCA – Sections 392.301(a)(7) and (8) and 392.304(a)(8) and (19). *See* Pet. ¶¶ 27-30.

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats when collecting a consumer debt. *See* TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See id.*

First, Chase contends that all of Jobe's claims under the TDCA are conclusory and insufficient to meet the plausibility threshold. *See* Dkt. No. 10 at 4-5. The undersigned agrees. Jobe fails to provide any specific facts regarding her TDCA claims that would make her claims plausible, rather than merely possible. *See Harold H. Huggins Realty*, 634 F.3d at 796 (quoting *Iqbal*, 556 U.S. at 679); *see also Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does

not survive a motion to dismiss under the federal rules and applicable law."). Reciting the statutory language, as Jobe does here, does not suffice to state a claim.

Next, Chase argues that each of Jobe's TDCA claims fail as a matter of law. Dkt. No. 10 at 5-6. Regarding Jobe's claims for improper threats under Sections 392.301(a)(7) and (8), Chase contends they fail because the claims are outside the scope of the TDCA. *Id.* Section 392.301(a) prohibits debt collectors from using "threats, coercion, or attempts to coerce" that involve specific practices, including "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings," TEX. FIN. CODE § 392.301(a)(7), and "threatening to take an action prohibited by law," *id.* § 392.301(a)(8).

But these sections are inapplicable to this case. Section 392.301(a)(7) "does not apply to non-judicial foreclosure[s]" such as the foreclosure at issue here. *See McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015). And "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage," making Section 392.301(a)(8) inapplicable as well. *See Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-1831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012).

As for Jobe's claims for misrepresentation under Sections 392.304(a)(8) and (19), Chase argues that these claims likewise fail because Jobe fails to plead facts necessary to state a claim. *See* Dkt. No. 10 at 6. Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or

misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). Similarly, Section 392.304(a)(19) covers all false representations or deceptive means that a party might use "to collect a debt or obtain information concerning a consumer." *Id.* § 392.304(a)(19).

"To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)). Here, Jobe does not identify any statement made by Chase that was allegedly false or misleading. She therefore fails to plead an essential element of a claim for misrepresentation under these sections.

Finally, Chase asserts that Jobe fails to allege adequate damages under the TDCA. *See* Dkt. No. 10 at 6-7. Under the TDCA, plaintiffs must show they suffered actual, foreseeable injuries, and those injuries must be linked to the TDCA violations of which they complain. *See Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App. – Austin 1997, no writ). Jobe's allegations do not meet this threshold. Jobe alleges only that the TDCA violations caused her "actual damages" but does not give any specific factual detail, and she does not specify how the statutory violations caused these damages. Without that supporting detail, Jobe's claims under the TDCA are properly dismissed.

### III. Jobe's claims for injunctive relief should be dismissed.

In her Petition, Jobe requests the Court grant a temporary injunction to halt the foreclosure of the Property pending resolution of this action. *See* Pet. ¶¶ 21-23.

"Under Texas law, a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)). Where a Court dismisses all of a plaintiff's substantive claims, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Because Jobe fails to state a plausible substantive claim, her requests for injunctive relief should be dismissed.

## IV.     The Court should grant leave to amend.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

In her response, Jobe requests the Court allow her to file a motion for leave to amend her complaint. The undersigned takes this request as an indication that Jobe has additional facts to plead and therefore recommends the Court grant Jobe leave to amend so that she may plead these facts and attempt to cure the deficiencies outlined above.

## Recommendation

The Court should grant Chase's Motion to Dismiss [Dkt. No. 10]. Specifically, Jobe's request for injunctive relief, and her claims for breach of contract and violations of the TDCA, should be dismissed without prejudice. The Court should grant Jobe 21 days from the date of any order adopting these findings, conclusions, and recommendation in which to file an amended complaint and should order that, if Jobe fails to do so, the remaining claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: September 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE